# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
BEAULAH McADOO,

                       Plaintiff,

    - against -

NORTHROP GRUMMAN CORP.,

                       Defendant.
----------------------------------------------------------X

**ORDER**

CV 03-1664 (JS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

    1.    Plaintiff's request for leave to subpoena chiropractic records regarding a non-party witness is DENIED. The defendant's corresponding request for a protective order is DENIED both because the preceding ruling makes the request moot and because the defendant does not appear to have standing to seek a protective order on behalf of either the witness or his chiropractor.

    2.    To the extent that the letter from plaintiff's counsel (Docket Entry ("DE") 67, as amended in DE 68) constitutes an application to reopen discovery for the purpose of conducting certain depositions, the application is DENIED without prejudice to renewal as discussed below. With respect to witnesses Johnson, Simoneschi, Doyle, and Page, the dispute was resolved at the last conference. *See* DE 66. With respect to witnesses Pepitone and Lee, the notices purportedly served on July 28, 2005, did not call for depositions to be held prior to the end of the discovery period, and are therefore untimely. Moreover, with respect to both the latter two witnesses and witness Troy, the possibility that the notices attached to DE 67 were back-dated raises a factual dispute that must be resolved before I will consider reopening discovery on the basis of those notices. If plaintiff wishes to press the issue of deposing witnesses Troy, Pepitone, and Lee, she

may file a letter-motion seeking such relief and requesting an evidentiary hearing to demonstrate when and how all of the notices attached to DE 67 were sent.  Before submitting such an application, plaintiff's counsel must confer with the defendant's counsel and agree upon possible dates for an evidentiary hearing, and report the results of that conference in her letter.

      3.      To the extent that the letter from plaintiff's counsel seeks reconsideration of my prior rulings regarding declarations referenced in the defendant's Rule 56.1 Statement, the application provides no reason for reconsideration and is therefore DENIED.

      4.      In light of the report by defendant's counsel that an additional copy of the "WAMS reports" was sent to the plaintiff, DE 69 at 5, that issue appears to be moot.

**SO ORDERED.**

Dated: Central Islip, New York
August 15, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge